IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER SCHMIDT,

     **Plaintiff,**

v.                                      **No. 16-cv-0137 SMV/LAM**

GREATWIDE DEDICATED
TRANSPORT III, LLC,

     **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte following its review of the Notice of Removal . . . [Doc. 1], filed by Defendant on February 26, 2016.  The Court has a duty to determine whether subject matter jurisdiction exists sua sponte.  *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice of Removal fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction.  Therefore, the Court will order Defendant to file an amended Notice of Removal no later than March 22, 2016, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On February 26, 2016, Defendant removed this case to federal court, asserting complete diversity between Plaintiff and Defendant and that the amount in controversy exceeds $75,000.  [Doc. 1] at 1–2.  In support of its claim of diversity of citizenship, Defendant alleges that Plaintiff is a citizen of New Mexico.  *Id.* at 1.  Defendant further alleges that it "is a foreign

corporation incorporated and with its principal place of business in a state other than New Mexico[; it] is a Delaware corporation." *Id.* However, Defendant makes no allegations about the citizenship of its members. *See id.*

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant  is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See*

§ 1332(c).  Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Here, the facts set forth in the Notice of Removal do not sufficiently establish the citizenship of Defendant Greatwide Dedicated Transport III, LLC, because they fail to allege the citizenship of each of its members.  Defendant may amend its Notice of Removal to properly allege the citizenship of the members of Defendant Greatwide Dedicated Transport III, LLC, if the necessary jurisdictional allegations can be made in compliance with the dictates of Fed. R. Civ. P. 11.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant shall amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **March 22, 2016**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **March 22, 2016**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

3